### GUERRA et al. v. GARZA et al.

#### No. 1525.

Court of Civil Appeals of Texas. Eastland.

March 6, 1936.

Rehearing Denied April 10, 1936.

538

Pope & Pope, of Laredo, for appellants.

Raymond, Algee & Alvarado, of Laredo, for appellees.

LESLIE, Chief Justice.

Leocadio Garza, Faustina O. de Garza, his wife, Julio Garza, and Leocadio Garza, Jr., instituted this suit against Gustavo Guerra and Victoriano Martinez to establish that an instrument, in form a deed, executed by them to defendants to be a mortgage, and therefore void as a lien against one of two tracts of land therein conveyed and claimed by them to be homestead at the time of the conveyance. The defendants answered by general denial, alleged that the instrument was in fact a deed conveying the lands to them in fee simple, and by cross-action sought to correct the certificate of notary public. A trial before the court and jury resulted in a judgment establishing the instrument to be a mortgage and void as to the 148-acre tract of land.

The lawsuit grows out of a state of facts in substance as follows: One Oliveres owned the "Agua Nueva de Abajo Grant" of land in Jim Hogg county. At his death it was divided among his children. His daughter Guadalupe Oliveres was awarded tract No. 7 and another daughter, Faustina, was awarded tract No. 8. Plaintiff Leocadio Garza married Guadalupe and to them were born eight children, two of them plaintiffs in this cause, namely, Julio Garza, and Leocadio Garza, Jr. The first wife died in 1912 and at that time she and her said husband had never resided upon tract No. 7, inherited by her. The year following her death her husband with their children moved on tract No. 7 and established their home on the 200 acres remaining and undisposed of by her and her husband during her lifetime. The following year, 1914, Leocadio Garza married his present wife, Faustina, a sister of Guadalupe. The second wife inherited tract No. 8 and they have disposed of all the same except the 148 acres involved in this lawsuit and alleged to be homestead. The 200 acres has never been partitioned among the children of the first marriage. Since moving on the same in 1913, the plaintiff Leocadio Garza has continuously resided in his residence thereon.

On September 19, 1927, when the plaintiffs executed the deed they now claim to be a mortgage, plaintiff Leocadio Garza owed the defendants, a mercantile firm, the sum of $1,000 on an account. He, desiring to borrow an additional $800, requested the loan of defendants. They agreed to advance them the $800 provided the plaintiffs would execute and deliver to them a deed to the lands embraced in said instrument. After some negotiations, the defendants lent the $800 to the plaintiffs and took from them said instrument in the form of a deed to the 148 acres of tract 8 and a 50-acre undivided interest in tract 7. The consideration was recited as $1,800 and contemporaneously the defendants executed back to the plaintiffs a written option to repurchase the land within two years provided they paid the consideration with 10 per cent. interest per annum for the use of the money, etc.

In their petition the plaintiffs alleged that said instrument of date September 19, 1927, "although in form a deed is in truth and in fact a mere mortgage."

That "notwithstanding plaintiffs' offer to pay the balance due and owing on said indebtedness together with interest thereon, said defendants refused to accept the same and claimed said land as their own." The plaintiffs' prayer is to have said deed declared a mortgage and to have judgment removing the same as a cloud upon the respective titles of plaintiffs, etc.

In answer to an issue, unobjected to by the appellants by reason of form or substance, the jury found that the instrument of date September 19, 1927, was a mortgage or lien for $1,800 with the land in controversy as security therefor.

The appellees made three objections to the issues and explanations submitted by the court to the jury, but no cross assignments of error are predicated upon the court's overruling the same. At the conclusion of the plaintiffs' testimony, the defendants made a motion for an instructed verdict. The court overruled the same and the first three assignments of error are predicated upon this action. As amplified by the propositions germane to these assignments, the insistence is that the testimony conclusively shows (1) that the plaintiffs knew they were executing an absolute deed with the right to repurchase the property, (2) that they knew the debt for $1,000 which Leocadio Garza theretofore owed defendants was being extinguished, and that they were receiving an additional consideration of $800 for the property, and (3) because "there was no evidence introduced to the effect that the deed absolute signed by the appellees was understood by all the parties to be a mortgage," but, on the contrary, conclusively showed that all parties understood the instrument to be a deed and not a mortgage.

■ In a trial before a jury, if there is evidence of probative force on any matter at issue which is material to the decision of the case, it is the duty of the court to submit the determination of such issue to the jury when the evidence is conflicting. We have, therefore, carefully examined the testimony on the issue as to whether the deed in question at the time of its execution and delivery was intended to evidence a sale of the property, or merely a mortgage thereon to secure a debt. The plaintiffs' testimony is to the effect that it was understood and intended to be a mortgage and the defendants' testimony is to the effect that

the deed evidenced a sale of the property with the right, evidenced by the contemporaneous instrument, to repurchase the same within a limited time.

■ The evidence conflicts and presents a typical case or issue for submission to the jury. So far as disclosed by the record on appeal and the respective briefs, the issue was submitted in terms satisfactory to appellants and appellees. There is substantial evidence to support the verdict of the jury and this court is therefore without authority to disturb the same and the judgment resting thereon.

It may be said of this case, as was said by our Supreme Court through Chief Justice Willie in Loving v. Milliken, 59 Tex. 423: "The circumstances from which equity usually deduces the conclusion that a deed in form is in reality a mortgage, are exactly those which are prominent in this case." The first three assignments are overruled.

Assignment No. 4 presents the contention that the judgment pronouncing the instrument a mortgage should not have been entered for the appellees on the verdict "because the verdict is wholly unsupported by any evidence and the evidence adduced is wholly insufficient in law to support said verdict," etc. As above held, there is evidence of such a nature as to warrant the verdict and the judgment and in such case an appellate court is not warranted in disturbing the same. Panhandle & S. F. Ry. Co. v. Brown (Tex. Civ.App.) 74 S.W.(2d) 531.

The only attack (fifth assignment) which the appellants make upon that part of the judgment holding the 148 acres of land to be appellees' homestead when the instrument of September 19, 1927, was executed is in substance that the trial court erred in so holding "because the evidence was insufficient in law to establish any part thereof as a homestead, all of the evidence showing as a matter of law that the homestead of appellees was in and upon all of tract No. 7 * * *" formerly inherited and owned by the plaintiff (Leocadio Garza's) first wife.

■ The particular point raised presents a question that must be answered from an examination of the testimony. This court has carefully considered the same and we readily reach the conclusion that there is no evidence in the record establishing the plaintiffs' homestead claim to the 148 acres

of land. The trial in this cause was had October 25, 1934. At that time the plaintiff Leocadio Garza testified, "*I am using* what remains of share No. 8 (the 148 acres) for pasturing purposes." (Italics ours.) Nowhere does he or any other witness testify to such use at the date the instrument or mortgage was executed. The testimony is silent as to the use made of this land on said date and prior thereto. Said plaintiff further testified, "My first wife is dead. There are 200 acres remaining out of share No. 7 and that belongs to the children of my first wife. * * * I live on the land belonging to my * * * children of my first wife. * * * I am using what remains of share No. 8 for pasturing purposes. I have no land myself. * * * This land in controversy in September, 1927, was worth from $15 to $25 an acre. During the year of 1928 I was engaged in business as a farmer and also as a farmer in 1929. * * *" On cross-examination this witness testified that he and his first wife never resided on tract No. 7 owned by her. He again testified, "My first wife died in 1912 and we moved on this land in 1913. I married my second wife in 1914. When I moved on this land I moved to the land of my first wife, and I still live there up to this date. * * * My children and I moved on that. My children are the owners in fee; they took from their mother. * * * I have eight children by my first wife. (Q) You say that 200 acres of share No. 7 is divided in eight tracts of 25 acres each representing these eight children? (A) I say it is in community property now; it has not been subdivided, I have not delivered to my children their share. My children farm on that 200 acres * * * they farm according to what amount of land they can."

The wife, Faustina, testified to her having inherited tract 8 of which the 148 acres in controversy is still owned by her. But her testimony does not present or strengthen the homestead claim. She testified: "I live right now where I moved with my husband when I married him and that is on share No. 7."

The 148 acres is unimproved land. It is difficult to understand how the cause could have been tried and so little light thrown on the validity of plaintiffs' homestead claim. Leocadio Garza and his wife were both on the witness stand, and except as above indicated there is nothing, even

by way of implication, to establish the intention and use essential to the fixing or attaching of a rural homestead right in the 148 acres. Apparently such right and use has never been abandoned or discontinued. The plaintiff Leocadio Garza still exercises dominion over the 200 acres in its unpartitioned form as he has a right to do under article 16, section 52, of the Constitution, and article 3496, Revised Statutes of Texas. Hence we conclude that there is no evidence that the plaintiffs possessed a homestead right in the 148 acres on September 19, 1927, when the purported deed and mortgage was executed or subsequent thereto. That is the only point presented by the assignment. The clear and only inference, if one be indulged, is that the homestead right of the husband and family attached in 1913 to his life estate in the undivided 200 acres remaining of the estate of his first wife.

The sixth assignment attacks the judgment upon the ground that it is not a final judgment in that "the court erroneously failed to adjudicate the rights of appellees as mortgagors or appellants as mortgagees, as they were found by the jury to be, in and to the 50 acres undivided in share No. 7, and said judgment disposing of the case in part only, and not disposing of the case as a whole, is invalid and ineffectual as a final judgment." The answer to this contention is that the judgment did just that of which the assignment complains. The decree reads as follows: "It is further ordered, adjudged and decreed that all other relief sought by either party herein and not hereinabove specifically decreed be and the same is hereby denied." This certainly rendered the judgment final and conclusive.

If the judgment in effect is a holding that the 50 acres has never been impressed with the characteristics of a homestead in behalf of either of the plaintiffs, such holding is not complained of by way of any cross assignment of error on the part of the injured party, if any.

In the appellants' cross-action no relief whatever was sought except the reformation of the notary certificate to the deed or mortgage in question. Nowhere did the appellants plead in the alternative that in the event the deed was found and decreed to be a mortgage that the same be foreclosed on either the 148 acres or the 50 acres of land described in that

instrument. Hence if entitled to such relief, there was no basis for the same in the trial court and consequently none in this court.

It follows that in so far as the judgment of the trial court decreed said instrument of date September 19, 1927, to be a mortgage and not an absolute or conditional deed the same is affirmed, but in so far as said judgment decrees that said 148 acres of land was the homestead of Leocadio Garza and wife, Faustina, on September 19, 1927, and in so far as said judgment decrees a cancellation of said instrument as a mortgage lien on said 148 acres of land, the same is reversed and judgment is here rendered in favor of the defendants decreeing said 148 acres of land at said time not to be the homestead of said plaintiffs and that the same is subject to the lien of said mortgage.

It is so ordered.