VIOLA WELLS ET VIR v. SUSIE HILBURN ET AL.

No. 6687.   Decided November 25, 1936.
Rehearing  overruled  February 24, 1937.
(98 S. W., 2d Series, 177.)

*Vinson, Elkins, Sweeton & Weems* and *George E. B. Peddy,* all of Houston, for plaintiffs in error.

The transaction between Viola Wells and Susie Hilburn of January 4, 1921, evidenced by deed, vendor's lien notes, assignment of notes and contemporaneous agreement by Susie Hilburn, as a matter of law constituted a mortgage for the security of a debt created at that time by Viola Wells in favor of Guaranty State Bank at Kilgore, with Susie Hilburn as surety, and no title passed thereby from Viola Wells, therefore she and her husband are entitled to judgment for her interest in the land in controversy, subject to mortgage lien to secure payment of her debt. Hart v. Epstein, 71 Texas 752, 10 S. W. 85; McCamant v. Roberts, 80 Texas 316, 15 S. W. 580 and 1054; Laird v. Weiss Bros., 85 Texas 93, 23 S. W. 864; Moore v. Williamson, 234 S. W. 732.

*McDonald & Floyd* and *Mike E. Smith,* of Fort Worth, *Wynne & Wynne, Syd Reagan, Riley Strickland, H. A. Leaverton, Carl E. Wade, Jack E. Price, Bramlette & Meredith, Chauncey, Fitzgerald & Hatchitt, J. C. Farmer,* all of Longview, *George B. Stone,* of Houston, *Yancy, Spillers & Fist, Wilson & Beveridge* and *Bailey E. Bell,* all of Tulsa, Oklahoma, *House, Wilson & House,* of Dallas, *J. F. Park,* of Kilgore, *I. C. Underwood,* of Marshall, and *Ashworth, Crisp & Ashworth,* of Kaufman, for defendants in error.

Since the instruments did not disclose on their face the intention of the parties, it then became a question to be submitted to the jury and for the jury to determine the intention of the parties upon an examination of all the evidence in reference to the transaction. Appellants are barred by their laches and the statute of limitations in asserting any claim to the property in question. Gardner v. Hawes, 149 S. W. 273; Brown v. Hempkins, 38 S. W. (2d) 173; Walker v. McDonald, 49 Texas 458; 6 Tex. Jur. 732; 8 C. J. 393.

Mr. Presiding Judge Ryan delivered the opinion of the Commission of Appeals, Section B.

The questions involved are whether certain deeds of conveyance to real estate coupled with an agreement by the grantee to reconvey upon payment by the grantors to the grantee of certain sums of money, under the particular facts in this case, constitute a conditional sale or a mortgage, and if a mortgage, whether the mortgagors are barred by their laches and the statute of limitations from asserting any claim to the property in question.

This is an action in trespass to try title begun by Maceo Johns, his sister Viola Wells, joined by her husband Sidney Wells, and parties claiming interests under them, against the heirs of Susie Hilburn, deceased, and parties claiming interests under them, for the recovery of an undivided one-half interest in two tracts of land in Gregg County, containing in the aggregate 281 acres of land. In the trial court, defendants prevailed and all the plaintiffs appealed. The Court of Civil Appeals affirmed the judgment as to Viola Wells and those claiming under her, but as to Maceo Johns and those claiming under him, the judgment of the trial court was reversed and judgment rendered in their favor. 64 S. W. (2d) 1009.

Upon rehearing the Court of Civil Appeals modified its previous judgment to the extent of ordering that Maceo Johns and those claiming under him, should pay to the appellees who are claiming under Susie Hilburn, the sum of $800.00 and

interest from October 20, 1920, at the rate of ten per cent. per annum. It is stated in counsel's brief that this was subsequently adjusted.

There was no application for writ of error by those claiming under Maceo Johns and his vendees, wherefore this Court has not acquired jurisdiction of that branch of the case, and the judgment of the Court of Civil Appeals has become final.

None of the parties in the Court of Civil Appeals, other than Viola Wells and Sidney Wells, her husband, made application for writ of error, and the case is in this Court upon the granted application by said Viola Wells and husband; we are therefore to determine only the controversy between them and the appellees below, defendants in error here.

All parties trace title from John Hilburn, who died December 28, 1918, his first wife, Cumi Hilburn, having predeceased him. Of this marriage there was issue two daughters, Clara, who married one Johns, and Allie, who married one Jenkins.

Both daughters died before the death of John Hilburn. Clara Johns left as her sole heirs, two children, Maceo Johns and Viola Wells, wife of Sidney Wells, the last two being plaintiffs in error here. Allie Jenkins left as her sole heirs, three children, Christine, Jewel and Felix Jenkins. The Jenkins heirs are not parties to this litigation.

In the year 1908 John Hilburn married his second wife, Susie Barns, and she moved into his home on the land in controversy and continued to live with him until his death in 1918, and thereafter continued to live there until her death in July, 1929.

John Hilburn died intestate and left as his sole heirs, his widow, Susie Hilburn, and the five grandchildren above named, being the three Jenkins children, who are not involved in this controversy, and the two Johns children: Maceo, as to whose interest final judgment has been entered as above stated, and Viola Wells, who, with her husband, Sidney Wells, is plaintiff in error herein.

By partition decree entered in the district court of Gregg County, Texas, on May 4, 1919, the 281-acre homestead tract of John Hilburn, which is the land in controversy herein, was awarded to Susie Hilburn during her lifetime, with the remainder to the five grandchildren above named, one-half thereof to the Jenkins children and one-half thereof to Maceo Johns and Viola Wells.

On October 18, 1920, while Susie Hilburn was still living upon the land in which she had a life estate and homestead interest, Maceo Johns, by warranty deed, conveyed to her, his

undivided one-fourth interest, in consideration of two vendor's lien notes, each in the sum of $400.00, payable on or before one and two years from date, respectively. Simultaneously therewith, an agreement was executed by Maceo Johns and Susie Hilburn, in effect that said deed was intended as a mortgage to enable Maceo to secure a loan upon said property with Susie as surety for him. The following day, said notes were assigned by Maceo to the Guaranty State Bank of Kilgore, Texas, and were paid at or before their maturity dates.

On January 4, 1921, while Susie Hilburn was still living upon the land, Viola Wells (and her husband), by warranty deed, conveyed to said Susie Hilburn, her undivided one-fourth interest, in consideration of two vendor's lien notes, each in the sum of $450.00, due November 19, 1921, and November 19, 1922, respectively. Simultaneously therewith, Susie Hilburn executed the following instrument:

"THE STATE OF TEXAS, COUNTY OF GREGG

"Whereas, Viola Wells and husband Sidney Wells, having conveyed to me a certain tract of land as described in deed of even date herewith, in consideration of two of my notes in the sum of four hundred and fifty dollars each, and due and payable on November 19th 1921 and November 19th 1922, and whereas, as a further consideration for said deed I have agreed to reconvey or resell this land to Viola Wells upon the payment of nine hundred dollars to me, together with such interest as may be due thereon, dating from this date, at the rate of ten per cent per annum. This right to resell to them shall inure to their heirs and assigns.

"Witness my hand this the 4th day of January A. D. 1921.

Susie Hilburn."

The following day said notes were endorsed by Viola Wells and her husband, and delivered to the Guaranty State Bank, Kilgore, Texas, and were paid at or about their maturity dates.

It is contended that as a matter of law, the transaction between Viola and Susie as evidenced by the above instruments, shows on its face that it was intended as a mortgage of Viola's interest in the land to secure her debt to the bank and to protect Susie on her obligation as surety for Viola, there being no other evidence than such written instruments in the record affecting such controversy or the intention of the parties.

OPINION.

1 FIRST: It is not claimed that the transaction was an outright unconditional sale; it must therefore be considered under

the category of a "conditional sale" or of a "mortgage," depending upon the intention of the parties as disclosed by the contract or the attending circumstances. 37 Tex. Jur. p. 300, Sec. 132.

**2** As said by Judge SHORT in Brannon v. Gartman, 288 S. W. 817, at p. 820 (approved by Supreme Court), "the test of a conditional sale is that it must be specific in its terms and the condition on which the reconveyance is to be made must be specific." In that case there was neither a fixed price nor a specified time agreed upon between the parties within which the reconveyance must be made, and it was held that as the transaction did not constitute a conditional sale it must of necessity follow that the instrument was a mortgage.

There was no specified time agreed upon between the parties here, within which repayment of the money and reconveyance of the property should be made. An agreement as to the time in which the right to repurchase is to be exercised, is an essential element of a conditional sale. Clark v. Haney, 62 Texas 511, at p. 514; Gray v. Shelby, 83 Texas 405, at p. 408; Fowler v. Stoneum, 11 Texas 478, at p. 508, 62 Am. Dec. 490; Hume v. Lecompte, 142 S. W. 934, writ of error denied. This element being wanting, equity will construe the instrument as a mortgage. Gray v. Shelby, supra.

In this connection, it may be stated that the sum to be repaid was the exact amount of the two notes with interest from the date of the notes at exactly the same rate as provided in the notes. It was said by Judge GAINES in McCamant v. Roberts, 80 Texas 316, 328, 15 S. W. 580: "But it is stipulated in effect that if the money is not repaid within the period of twelve months from the time the patent should issue it shall bear interest; and this provision evinces that the instrument was not intended to evidence a sale which was to become absolute in the event the grantee failed to pay the money within the twelve months named, but a mortgage to secure, in addition to a conveyance of a third interest in the land, the payment of a debt which might continue to exist and should begin to bear interest after that period had elapsed. The fact that the money which is to be paid is to bear interest is always a circumstance which indicates the existence of a debt and hence a mortgage; and we think the inference of a mortgage becomes almost conclusive when it is expressly stipulated that the sum to be paid is to bear interest after the day on which the condition is to be performed by the payment of the money."

**3** It is also to be noted that "the right to resell to them shall

inure to their heirs and assigns" without fixing any specified limit as to time, and continuing indefinitely as to such heirs and assigns, the same provision as to Viola Wells and her husband.

It thus clearly appearing that the transaction was in effect a mortgage, its construction was a matter for the court and not a jury. Walker v. Wilmore, (Com. App.) 212 S. W. 655.

From what has been said, the trial court erred in overruling plaintiffs' motion for a directed verdict.

4 SECOND: The possession of Susie was not hostile to the title of Viola. Susie had a life estate by virtue of the partition decree of the district court of Gregg County, with remainder to Viola and the other grandchildren of John Hilburn; Susie's claim was not such an adverse claim as will support limitation during her life time in the absence of an affirmative repudiation by her, which is not shown by the record. 2 Tex. Jur., p. 117, Sec. 61.

5 The testimony shows that Susie paid the two notes to the bank; the law will therefore impute to the transaction an implied, if not express, promise to repay the same on the part of Viola, thus establishing the relation of debtor and creditor between the parties and all the elements of a mortgage are thereby presented. Brannon v. Gartman, supra.

Plaintiffs in error offer to repay the amount thereof in accordance with the contract of defeasance, and we think, upon doing so, they should recover the land. Their suit, in effect, is to declare their conveyance to Susie to be a mortgage and of course must do equity by satisfying the debt. Stafford v. Stafford, 96 Texas 106, 70 S. W. 75; 29 Tex. Jur., p. 801, Sec. 12; id., p. 881, Sec. 70; Doris v. Story, 122 Ga. 611, 50 S. E. 348; Sturdivant v. McCorley, 83 Ark. 278, 103 S. W. 732, 11 L. R. A. (N. S.) 825.

The judgments of the Court of Civil Appeals and district court are reversed as to Viola Wells and her husband, and the cause remanded as to them, for trial with instructions to the district court to proceed in accordance with this opinion.

Opinion adopted by the Supreme Court November 25, 1936.

Rehearing overruled February 24, 1937.