**DUNCAN et al. v. GREEN et al.**

**No. 5221.**

Court of Civil Appeals of Texas. Texarkana.

Dec. 2, 1937.

Rehearing Denied Jan. 13, 1938.

Carney & Carney, of Atlanta, and Schluter & Singleton, of Jefferson, for plaintiffs in error.

Jones & Jones, of Mineola, and J. R. Cornelius, of Jefferson, for defendants in error.

HALL, Justice.

This suit was brought by Londy Green and wife, Mary Green, defendants in error, against Mrs. Mary S. Duncan, surviving wife of A. T. Duncan, and her children, plaintiffs in error, to cancel a certain deed executed by them in favor of plaintiffs in error covering their homestead. Defendants in error alleged that the deed, though absolute on its face, was intended by the parties thereto to be and was in fact a mortgage given to secure an indebtedness owing by them to plaintiff in error, part of which indebtedness was for purchase money due by defendants in error for the land in controversy. Defendants in error alleged further that it was understood by and between them and plaintiff in error, Mary S. Duncan, and her deceased husband, A. T. Duncan, that the land in controversy was to be reconveyed to them upon payment of their indebtedness. These facts were controverted by plaintiffs in error in their answer. Certain other persons intervened in the suit, setting up an interest in part of the land in controversy.

Trial was to a jury on one special issue which had direct relation to contention of defendants in error that the deed was given as a lien to secure their indebtedness owing to plaintiffs in error, and that said land was to be reconveyed to them upon payment of said indebtedness. The jury answered this issue favorably to defendants in error, and the court entered judgment for defendants in error for title and possession of the land in controversy, and canceling and setting aside the deed; and for plaintiffs in error for their debt as evidenced by the Andy Elrod purchase-money notes and fixing and foreclosing a lien for the taxes paid by plaintiffs in error. Defendants in error appeal from that part of the judgment fixing and foreclosing a tax lien and foreclosing the vendor's lien securing the Elrod notes; and plaintiffs in error appeal from that part of the judgment awarding the land to defendants in error and canceling and setting aside of the deed covering same. These appeals were separate, but have been consolidated in this court and will be considered together as one appeal.

The facts show that plaintiffs in error and A. T. Duncan during his lifetime operated a store near the land in controversy upon which defendants in error lived. That for several years prior to 1932, the date the deed to the land in controversy was executed, defendants in error traded with plaintiffs in error at their store and had become indebted to them in a sum amounting to about $500, which was secured by a mortgage upon certain personal property. The facts show, further, that in the year 1915 defendants in error conveyed to Andy Elrod 131 acres of land, and in 1918 Elrod conveyed back to defendants in error 91 acres of said land, being the same land in controversy, taking notes for part of the purchase price and reserving a vendor's lien to

secure the payment of the same. These vendor's lien notes were purchased by plaintiffs in error. The deed from defendants in error to plaintiffs in error recites as consideration the cancellation .of the Elrod vendor's lien notes as well as the store account of defendants in error. After the deed was executed and delivered, defendants in error rented the •land from plaintiffs in error and plaintiffs in error rendered the same for taxes and paid taxes thereon.

■ Plaintiffs in error make the contention that the verdict of the jury is not supported by the evidence. We overrule this contention. The evidence offered by defendants in error to the effect that the deed from them to plaintiffs in error was intended by the parties thereto as a mortgage to secure the indebtedness owing by them to plaintiffs in error is sufficient, in our opinion, to meet the standard set by the law in such cases.

■ Defendants in error assailed the part of the judgment of the lower court fixing a tax lien and foreclosing same and foreclosing the vendor's lien, the cancellation of which vendor's lien formed a part of the consideration paid for the land in controversy by plaintiffs in error, because there was no pleading on the part of plaintiffs in error to support same. This contention we find to be correct, for the reason that neither party to the suit sought the fixing of a tax lien or the foreclosure of a tax lien and the vendor's lien. The judgment is not erroneous, however, in fixing a lien against the property to secure the indebtedness owing by defendants in error represented by the Elrod notes, for the reason that by their original petition defendants in error concede that part of the consideration sought to be canceled represented purchase money for said land owing by them to Elrod, and that they had tendered the money in payment of these purchase-money notes together with other indebtedness to plaintiffs in error which had been refused. This pleading of defendants in error respecting the nature of part of the consideration of the deed from them to A. T. Duncan, and the further allegation that the deed was in fact a mortgage, can be considered to supply any defect in this regard in plaintiffs in error's pleading. Ormsby v. Ratcliffe, Tex.Com.App., 36 S. W.2d 1005; Childress v. Robinson, Tex. Civ.App., 161 S.W. 78, writ refused; 49

Cor.Jur. p. 867, § 1276. The jury found that the deed was intended by the parties thereto as a mortgage; therefore, under the findings of the jury based upon sufficient pleadings and proof, the instrument in form of a deed became in fact a valid and subsisting mortgage on defendants in error's homestead in so far as the Elrod purchase-money notes were concerned. Girardeau v. Perkins, 59 Tex.Civ.App. 552, 126 S.W. 633, writ refused; 22 Tex. Jur. p. 146, § 102.

The trial court awarded to intervenors as heirs of Hutch Green three-fourths undivided interest in the fifty acres of land in controversy. The evidence without dispute shows them to be entitled to this proportion of said tract of land, and adjudging it to them presents no error.

The judgment of the trial court is modified by setting aside that part relating to the fixing and foreclosure of the tax lien and the foreclosure of the vendor's lien without prejudice to any suit to foreclose same. In all other respects the judgment is affirmed.

WILLIAMS, J., not sitting.

### On Motion for Rehearing.

HALL, Justice.

■ Appellants have filed a motion for rehearing in which they earnestly insist that we erred in our original opinion affirming the judgment, of the trial court awarding a certain undivided interest in one of the tracts in controversy to intervenors. We have carefully examined the briefs of both parties to this appeal, and we find that no error was assigned by either appellants or appellees to the action of the trial court in this regard. The error, if any, in this respect, is not of a fundamental nature and cannot be considered by us. It is also insisted in said motion that we erred in our original opinion in setting aside that part of the trial court's judgment decreeing a foreclosure of the vendor's lien notes on the land in controversy. We have again examined the record and find no pleadings by either party to this suit which would authorize a foreclosure of the vendor's lien. Guerra v. Garza, Tex.Civ.App., 93 S.W.2d 537. The pleadings of appellees, in our opinion, were amply sufficient to authorize the trial court to enter a judgment for the debt evidenced by the Elrod notes and fix a lien on the land securing same. It is

true the appellants will suffer the inconvenience of having to bring an action to foreclose the lien already fixed by the judgment of the trial court, but they will lose no legal rights respecting said lien. Monroe v. Buchanan, 27 Tex. 241; Silliman v. Gammage, 55 Tex. 365; Elliott v. C. C. Slaughter Co., Tex.Civ.App., 236 S.W. 1114; York v. Robbins, Tex.Com. App., 255 S.W. 720.

The motion for rehearing is overruled.