### GREEN et ux. v. DUNCAN.
#### No. 3881.

Court of Civil Appeals of Texas. El Paso.
Nov. 24, 1939.

Rehearing Denied Dec. 21, 1939.

Jones & Jones, of Mineola, for appellants.

Tom J. Mays and Carney & Carney, all of Atlanta, for appellee.

PRICE, Chief Justice.

Appellee, Mary S. Duncan, hereinafter called plaintiff, on the 22nd day of April, 1938, filed this action in the District Court

of Marion County against appellants, Londy Green and his wife Mary Green, hereinafter referred to as defendants.

Count one of plaintiff's petition was founded on two promissory notes in the respective sums of $250 and $200, said notes being each payable to Andy Elrod, and alleged to have been given by defendant Londy Green in part payment of two described tracts of land in Marion County. Judgment on the notes, with interest at the rate of ten per cent per annum and attorney's fees, together with a foreclosure of the vendor's lien, was sought. On the fifty-acre tract the alleged vendor's lien was confined to an undivided one-fourth interest therein. The date of the alleged purchase of the land was February 1, 1918. The $250 note was alleged to mature one year after its date, the one for $200 two years after its date. It was further alleged that there was now due on the notes the sum of $2754.65 principal, interest and attorney's fees; that defendants on August 8, 1935 acknowledged the justice of said debt in writing and agreed to pay same.

Plaintiff's second count was in the alternative. It adopted all of the allegations of the first count as part thereof. Plaintiff then alleges that defendants had, on August 8, 1935, sued plaintiff here and the other heirs of A. T. Duncan, deceased, in the District Court of Marion County, and attached to plaintiff's petition as an exhibit was a copy of the petition of plaintiffs (defendants here), and by reference same was made a part of the second count of plaintiff's petition. By appropriate allegations it is shown that defendants here in that cause secured a final judgment against plaintiff here and the other heirs of A. T. Duncan, deceased, establishing and adjudicating that a certain deed from defendants here, Londy Green and wife, to A. T. Duncan was in fact a mortgage, and establishing in favor of plaintiff here and the other heirs of said A. T. Duncan that the two notes described in the first count of plaintiff's petition here were secured by a vendor's lien on the two tracts of land described. On the fifty-acre tract there and here described the lien was established only on the one-fourth interest therein held by Londy Green and wife; that according to the terms of said judgment there was due on the notes the sum of $1711.30. On the second count judgment was sought foreclosing the lien as established by the judgment aforesaid.

Defendants here filed answer to the first and second counts of plaintiff's petition. This answer consisted of general exception and general denial. By way of special defense the two and four years statutes of limitations were pleaded. The defendant Mary Green set up her coverture and that the property had been her homestead for twenty years.

Defendant Londy Green set up partial failure of consideration for the notes, the factual basis alleged was that the notes were given in part payment of the ninety acres described; that the sale was on the basis of $8.35 per acre; the title had failed to the extent of thirty-four acres, and he was entitled to a credit of $251.40, if plaintiff was entitled to recover.

Plaintiff filed supplemental petition consisting of general demurrer, special exception and general denial; specially denied the notes were barred by limitation. In said supplemental petition plaintiff, as to the plea of failure of consideration, averred an estoppel to make such plea on the ground that defendant was aware of the fact that his brothers and sisters owned an interest in the property after the death of the life tenant; that said defendant had acquired the estate of the life tenant and that there had been no interference with the possession of defendant.

At the close of the evidence the court instructed a verdict in favor of plaintiff for the amount sued for in the first count of her petition and for foreclosure of the lien on the land described. Judgment was rendered on the verdict that plaintiff recover the sum of $2,892.38 against defendants, together with a foreclosure of the lien in that amount on the property involved.

Defendants duly perfected appeal from the judgment and the case is here for review.

The facts are somewhat complicated and a statement thereof is necessary. There are two tracts of land involved here; one of about 40.53 acres, the other of fifty acres. Hutch Green, the father of Londy Green, originally owned the fifty-acre tract. In the settlement between the heirs of Hutch Green and his second wife, Virginia, a life estate was given Virginia in this property. Londy Green, defendant here, was a party to this settlement along with the other heirs of Hutch Green. Virginia thereafter married Tom Stewart. On the 17th day of January, 1906, Virginia

joined by her husband, Tom Stewart, executed a conveyance of this fifty-acre tract to Londy Green. The deed was general warranty in form and purported to convey a fee simple title. In 1915 Londy Green conveyed this property by warranty deed to Andy Elrod. In 1918 Andy Elrod by warranty deed conveyed this property back to Londy Green, together with the other tract of 40.53 acres. Part of the consideration was the $250 and $200 vendor's lien notes that are the foundation of the action asserted by plaintiff here in count one. On October 27, 1926, Londy Green executed an extension agreement extending the notes to October 27, 1929. Andy Elrod transferred these two notes to A. T. Duncan, now deceased, by written assignment dated January 4, 1932. Plaintiff now holds all rights heretofore held by A. T. Duncan in and to these two notes.

In 1932, for a recited consideration of $500 and the cancellation of the two aforesaid vendor's lien notes in the respective sums of $250 and $200, Londy Green and wife conveyed the two tracts in controversy to A. T. Duncan.

In 1935, defendants here, Londy Green and wife, brought suit against plaintiff here and the other heirs of A. T. Duncan to have this deed last above mentioned declared a mortgage. Answer was filed to that suit by the defendants therein, and certain heirs of Hutch Green intervened therein claiming an undivided three-fourths interest in the fifty-acre tract as heirs of Hutch Green. This suit resulted in judgment in the trial court substantially as follows: That the named interveners recover of and from the plaintiffs and defendants an undivided three-fourths interest in the fifty-acre tract in question, subject to the life estate of Virginia Green (then the wife of Tom Stewart) and her assigns; the deed from Londy Green and wife to A. T. Duncan was set aside; the named defendants in the suit, including plaintiff, were adjudged to have a lien for $114.53 against the entire interest in both tracts of land representing taxes paid, and there was a foreclosure of this lien decreed. The named defendants were adjudged a recovery against Londy Green in the sum of $1,579.50, the amount of the principal and interest of the two notes, part of the purchase money, and same was adjudged a lien on all of the 40.53-acre tract and on the one-fourth interest in the fifty-acre tract. The lien was ordered foreclosed. On this

foreclosure, however, it was ordered that if the said sum was not paid within sixty days, with interest at the rate of ten per cent per annum from the date of judgment, that an order of sale issue.

The defendants in the cause sued out and perfected a writ of error from the judgment entered to the Court of Civil Appeals at Texarkana. The plaintiffs in that cause likewise sought to have the judgment of the trial court reviewed, but whether by appeal or writ of error does not clearly appear. Suffice it to say, on appeal the two proceedings were consolidated. The appeals were disposed of by an opinion of the Texarkana Court of Civil Appeals appearing in Southwestern Reporter as Duncan et al. v. Green et ux. 113 S.W.2d 656, 658. Plaintiffs in error (defendants in the court below) sought to have the judgment of the Court of Civil Appeals reviewed by the Supreme Court, but the application for the writ of error was dismissed by that Court for want of jurisdiction.

As we construe the judgment of the Texarkana Court, it modified and changed the judgment of the trial court only as to the foreclosure of the lien represented by the two vendor's lien notes and eliminated the judgment with foreclosure for the taxes. In the course of the opinion it is said:

"Defendants in error assailed the part of the judgment of the lower court fixing a tax lien and foreclosing same and foreclosing the vendor's lien, the cancellation of which vendor's lien formed a part of the consideration paid for the land in controversy by plaintiffs in error, because there was no pleading on the part of plaintiffs in error to support same. This contention we find to be correct, for the reason that neither party to the suit sought the fixing of a tax lien or the foreclosure of a tax lien and the vendor's lien. The judgment is not erroneous, however, in fixing a lien against the property to secure the indebtedness owing by defendants in error represented by the Elrod notes, for the reason that by their original petition defendants in error concede that part of the consideration sought to be canceled represented purchase money for said land owing by them to Elrod, and that they had tendered the money in payment of these purchase-money notes together with other indebtedness to plaintiffs in error which had been refused. This pleading of defendants in error respecting the nature of part of the consideration of the deed from them to

A. T. Duncan, and the further allegation that the deed was in fact a mortgage, can be considered to supply any defect in this regard in plaintiffs in error's pleading. Ormsby v. Ratcliffe, Tex.Com.App., 36 S. W.2d 1005; Childress v. Robinson, Tex. Civ.App., 161 S.W. 78, writ refused; 49 Cor.Jur. p. 867, § 1276. The jury found. that the deed was intended by the parties thereto as a mortgage; therefore, under the findings of the jury based upon sufficient pleadings and proof, the instrument in form of a deed became in fact a valid and subsisting mortgage on defendants in error's homestead in so far as the Elrod purchase-money notes were concerned. Girardeau v. Perkins, 59 Tex.Civ.App. 552, 126 S.W. 633, writ refused; 22 Tex.Jur. p. 146, § 102. * * *

"The pleadings of appellees, in our opinion, were amply sufficient to authorize the trial court to enter a judgment for the debt evidenced by the Elrod notes and fix a lien on the land securing same. It is true the appellants will suffer the inconvenience of having to bring an action to foreclose the lien already fixed by the judgment of the trial court, but they will lose no legal rights respecting said lien. Monroe v. Buchanan, 27 Tex. 241; Silliman v. Gammage, 55 Tex. 365; Elliott v. C. C. Slaughter Co., Tex.Civ.App., 236 S.W. 1114; York v. Robbins, Tex.Com.App., 255 S.W. 720."

The defendants assailed the judgment of the trial court here by five assignments of error with relative and appropriate propositions. These assignments in substance attack the action taken, (1) on the ground that the notes were barred by limitation and that at least the question of limitation was an issuable fact; (2) that the question of partial failure of consideration was at least a question for the jury.

To avoid the statutes of limitation plaintiff relies on the judgment in the case of Duncan v. Green, supra, and the petition of defendants here (plaintiffs there) in that cause. A copy of the petition in that case is attached to plaintiff's petition here. That petition, after alleging as to the contract existing between the parties prior to the time of the conveyance, alleged "that when plaintiff paid to the said A. T. Duncan and these defendants the sum of money then due and owing to said A. T. Duncan and these defendants, together with such sums of money, if any, that the said A. T. Duncan and these defendants should pay upon the purchase price due upon said land that the said A. T. Duncan and these defendants would reconvey said lands back to these plaintiffs." In paragraph five of this petition appears the following: "Plaintiff would show the court that since the execution of said lien these plaintiffs have tendered to the defendants who are the sole heirs at law of the said A. T. Duncan, deceased, the sums of money which they are due and owing the said A. T. Duncan, together with all sums of money the defendants or the said A. T. Duncan had paid upon the purchase price for said land and requested a reconveyance of their homestead." Taken in connection with the object of the action, the certainty of the amount of the two notes, it seems to us that the reference in the deed was to the two vendor's lien notes in question. The $500 was not money paid on the purchase price of the land according to the theory of plaintiffs therein. Cancellation of those two notes was tantamount to the payment of the balance due on the purchase price of the land.

The opinion in the case of Duncan v. Green at least impliedly so construes the pleading. There it was construed to have reference to an obligation superior to the homestead rights of plaintiff. It is to be noted the opinion and judgment exclude the lien adjudged for taxes—we presume on the ground there was no basis in the pleading therefor. This allegation not only admits a debt but impliedly invites a decree in accordance with equity.

No fault can be found with the proposition that the purported judgment of a court without jurisdiction is not such, but is a nullity. Further, to act, a court of record must find a basis in the pleading for such action. In the case of Duncan v. Green, supra, this latter contention was invoked by defendants here. There recognition was accorded this contention, in that the action of the trial court as to the recovery and foreclosure of the lien for taxes was held void because there was no pleading justifying same; the foreclosure of the lien for the purchase money secured by the deed adjudicated to be a mortgage was denied on account of the fact that there was no pleading upon which to base such foreclosure. The judgment did decree such a lien and provided that the defendants had the right to foreclose same.

It is this last provision of the judgment that we are asked to hold was beyond the

jurisdiction of that court. The dismissal of the application for writ of error for lack of jurisdiction may import only that the Supreme Court merely held that the applicants (plaintiff here and those in privity) for the writ made no just ground of complaint as to the judgment rendered insofar as the applicants were concerned. Plaintiff here and those in privity with her applied for the writ of error. The Supreme Court then did not expressly approve the holding that a lien existed on the lands in favor of plaintiff here. We take it that it may be fairly inferred that the holding imports that plaintiff was not entitled to have foreclosure of any lien she might have in that proceeding.

Counsel for each party to this appeal seem to concede that in the event we are convinced the court was without jurisdiction to render this decree it is within our power to disregard the same. We believe that in that event it is not only within our power, but it would be our duty. On the other hand, if there was jurisdiction, that judgment, insofar as it was invoked, governed the trial court and we are bound to respect and enforce same.

We believe that the pleading taken as a whole authorized and demanded the judgment rendered. One seeking an equitable remedy should show himself submissive to all equitable considerations properly conditioning the granting of such relief. "He who seeks equity must do equity." 19 Am.Jur. p. 319, §§ 463–468; Duncan et al. v. Green et ux., supra, and authorities there cited; 29 Tex.Jur. p. 801, § 12; Guerra v. Garza, Tex.Civ.App., 93 S.W.2d 537; Wells v. Hilburn, 129 Tex. 11, 98 S.W.2d 177.

The deed, which was to all intents and purposes by the decree, together with the provision of the establishment of a lien, declared a valid mortgage to the extent of the purchase money, was tantamount to a reformation of the deed into a mortgage. It is idle to speculate and a bit presumptive when facts which may be established beyond question are used as a basis, as to why the Supreme Court dismissed the application for writ of error rather than refused same. It is suggested that had not the judgment declared the deed absolutely void but recognized same as valid as a mortgage to an extent, the application might have been refused. The application for the writ possibly stressed the view that defendants in error were not entitled to

the reformation of the deed; and even if so, plaintiffs in error were entitled to a foreclosure.

We have before stated that the judgment as modified on appeal was the only judgment, in our opinion, that could or should have been rendered. We further believe that it embodies and vindicates all the legitimate rights that plaintiff here had or has in and to the property in controversy, and has exactly the same effect as to defendants here.

If defendants here had not made appropriate allegations to tender equity they probably would not have been awarded the relief granted them by that decree. A court of equity will not set aside a deed to afford the plaintiff the opportunity to plead the statutes of limitations to an otherwise valid obligation. Hannay v. Thompson, 14 Tex. 142; Bateson v. Choate, 85 Tex. 239, 20 S.W. 64; Rincon Inv. Co. v. White, Tex.Civ.App., 54 S.W.2d 1052.

Likewise, the plaintiff here must rely on that judgment to defeat the defendants' plea of limitation to the notes. Regardless of the sufficiency or insufficiency of the pleading in the first count to avoid the bar of limitations, the sole reliance is upon the petition of defendants in that case. The pertinent allegations thereof have been heretofore quoted. We do not believe a fair construction of these allegations reveal either an express or implied recognition of the extent or justness of the claim of defendants therein. We construe the allegation as a request to adjudicate as to the claims of the defendants there and a tender of equity with reference thereto after same are established. On this prayer the court acted and did adjudicate as to the extent and validity of the claims of the defendants there. Defendants here are estopped by that judgment from here assailing the rights accorded the defendants in that case.

We think what we have said before disposes of the issue of partial failure of consideration urged by defendants. However, we may say if there was a partial failure of consideration it was encumbent upon defendants here to have urged it in the other proceeding. Further, the court must have abated the obligation of the purchase money notes to an extent at least. The notes called for ten per cent per annum interest, with ten per cent interest on all past due interest. The date of the

notes was 1918. There was no plea of payment of either interest or principal. If the relief extended there to defendants here was not justified by the pleading, they have no just cause of complaint. Plaintiff here had fair opportunity in that trial to establish the validity and extent of her claim. She is likewise bound.

There is one other matter that should be acted upon. The judgment awarded a personal recovery to the extent of $2,892.38 against Mary Green, the wife of Londy Green. Mary Green pleaded coverture, the evidence sustains this plea, the record fails to show she ever signed or assumed the notes in question. There is neither pleading nor proof sustaining the personal judgment rendered against Mary Green.

It is ordered that the judgment be reformed as follows: Plaintiff recover as to Londy Green the sum of $1,379.50, with interest thereon from the 18th day of January, 1936, at the rate of ten per cent per annum; that the vendor's lien securing such purchase money be foreclosed as to the 40.53-acre tract as to the entire interests of both defendants therein, and as to the undivided one-fourth interest held by defendants in the fifty-acre tract that the lien be decreed and foreclosed; that the personal judgment in the sum of $2,892.38 be reversed and rendered.

In part reformed and affirmed; in part reversed and rendered.