**Leonard STARNS, Appellant,**

v.

**Leon ADAMS, Appellee.**

**No. 5140.**

Court of Civil Appeals of Texas, Waco.

Aug. 17, 1972.

Rehearing Denied Sept. 14, 1972.

Charles L. Black Aycock, Frank W. Allen, Houston, for appellant.

Hollis Cordray, Jr., Fred A. Lange, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Starns from judgment declaring an instrument in the form of a deed, to be a mortgage, and awarding plaintiff Adams fee simple title to 105 acres of land.

Plaintiff Adams sued defendant Starns to declare a general warranty deed under which plaintiff's grandmother Mary Etta Adams conveyed 105 acres of land to defendant, to be a mortgage. Defendant denied the deed was a mortgage, and alternatively asserted title to the property by adverse possession for ten years. Trial was to the court which rendered judgment for plaintiff, holding the deed to be a mortgage, cancelling such deed, and awarding plaintiff fee simple title to the property. Such judgment further awarded defendant judgment against plaintiff for $545.50 on a note payable to defendant, plus $824.55 interest through January 17, 1972.

Defendant appeals on 30 points mainly contending:

1) The trial court erred in rendering judgment for plaintiff as there is no evi-

dence the December 11, 1956 deed to defendant is a mortgage, and/or such finding is against the great weight and preponderance of the evidence.

2) The trial court erred in rendering judgment for plaintiff because the evidence conclusively shows defendant acquired title to the property under the ten-year statute of limitation; there is no evidence to support the court's finding that defendant did not acquire title under such ten-year statute of limitation; and/or such finding is against the great weight and preponderance of the evidence.

Contention 1 asserts the trial court erred in holding the December 11, 1956 deed to defendant to be a mortgage.

The 105 acres in controversy was formerly the property of Mary Etta Adams and her husband Edgar. Edgar died in 1949, leaving beside his wife, four children. Plaintiff, the grandson of Mary Etta has acquired all Adams' interest in the property, by virtue of which he claims title to the property.

Defendant claims the property through a deed dated December 11, 1956 from Mary Etta Adams (and her daughter and son-in-law).

The record reflects that on January 27, 1956 defendant loaned plaintiff $380. and plaintiff's grandmother Mary Etta Adams executed a deed of trust on the 105 acre tract to secure such debt. The debt was never paid, and on December 11, 1956 the deed of trust was released, and a new note executed for $545.50 by Mary Etta Adams (and her daughter and son-in-law). The $380. unpaid debt became a part of the new $545.50 note. Contemporaneously with the release of the deed of trust on December 11, 1956, and the making of the new $545.-50 note, Mary Etta Adams (joined by her daughter and son-in-law) executed a deed purporting to convey the 105 acres to defendant. And contemporaneously on December 11, 1956 defendant executed and delivered to Mary Etta Adams an instrument which referred to the $545.50 note and agreed to convey the land to the Adams if such note and indebtedness were paid on or before its due date January 28, 1957. The note was never paid. Defendant in 1959 attempted to collect such unpaid indebtedness. There is testimony that title to the land was not intended to be passed, but the land was only to be held by defendant as "collateral" or "security" for the debt the Adams owed defendant.

Mary Etta Adams lived on the land until 1959. In 1961 Mary Etta Adams permitted the Bradley family to move on the place; they lived there until 1963. Thereafter Mary Etta Adams gave permission to the McGilbert family to move on the land. The McGilberts lived on the land for several years. Defendant has paid taxes and grazed cattle on the place. Mary Etta Adams died in 1969 and there has been no administration on her estate. The $545.50 note was not paid at the time of trial. Defendant in 1959 borrowed $4200. on the property from a bank.

■ A mortgage may be given to secure the debt of a third person. And a deed absolute on its face may be shown by parol evidence to have been intended as a mortgage given to secure a debt owing to the grantee by the grantor. Wilbanks v. Wilbanks, 160 Tex. 317, 330 S.W.2d 607. If the conveyance is in fact designed as a security for the payment of money, equity treats it as a mortgage. Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972.

■ And if the debt continues to exist after the execution of the instrument, a deed on its face, the conveyance is in reality intended as security for the debt, and will be held to be a mortgage. Maxey v. Citizens National Bank of Lubbock, Tex. Civ.App., NWH, 432 S.W.2d 722; Smith v. Rozelle, Tex.Civ.App., NRE, 282 S.W.2d 122; Kriegel v. Scott, Tex.Civ.App., NRE, 439 S.W.2d 445.

■ Further, a deed absolute on its face constitutes a "mortgage" where a separate

instrument contemporaneously executed provides for reconveyance to the grantor upon payment of a note given by the grantor to the grantee with interest. Wells v. Hilburn, 129 Tex. 11, 98 S.W.2d 177. Thigpen v. Locke, Tex., 363 S.W.2d 247.

 Finally the record reflects the property worth in excess of $4200. in 1959, which is circumstantial evidence the parties intended the transaction as a mortgage. Napper v. Johnson, Tex.Civ.App., NRE, 464 S.W.2d 496.

The trial court correctly found and held the December 11, 1956 deed was a mortgage.

Contention 2 asserts the trial court erred in not holding defendant acquired the property under the ten-year statute of limitations. (Article 5510 Vernon's Ann.Tex. Civ.St.).

Defendant was not asserting ownership as late as 1959; Mary Etta Adams lived on the land until in 1959, and was in possession through the Bradleys and McGilberts until after 1965. Mary Etta Adams died October 18, 1969, and no administration was had on her estate. Article 5538 V.A.T.S. thus tolled the running of the statute of limitations for one year after her death. Plaintiff filed this suit on February 9, 1971.

To sustain a plea of limitation under the ten-year statute, claimant must show adverse, continuous and unbroken occupancy of the land for ten years, of such character as to indicate unmistakably an assertion of a claim of ownership. McDonnold v. Weinacht, Tex., 465 S.W.2d 136.

Further defendant cannot claim to hold the land by adverse possession to the mortgagor, without repudiation of the relationship of mortgagor and mortgagee; and it is defendant's burden to prove such repudiation. Shell Oil Co. v. Howth, 138 Tex. 357, 159 S.W.2d 483, 493.

The trial court correctly found and held defendant did not acquire the property under the ten-year statute of limitations.

All of defendant's points have been considered and are overruled.

Affirmed.