Agnes Abram Walker et al. v. Nazrie Walker et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00303-CV

     AGNES ABRAM WILLIAMS, ET AL.,
                                                                              Appellants
     v.

     NAZRIE WALKER
     AND GEORGE ABRAM, ET AL.,
                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-320B
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This is a trespass to try title action involving three sets of parties claiming ownership of
two adjoining tracts of land as heirs and devisees of Rufus Abram or his brother Pink Abram
or as successors in interest to their heirs and devisees. The dispute involves a will purportedly
executed by Rufus and two partition agreements purportedly executed by Rufus and Pink, all
of which Appellants allege are forgeries. A jury refused to find that the documents were
forged. The jury also refused to find that Appellants had established title by adverse
possession.
      Appellants present six issues in which they contend: (1) the court erred by refusing to
allow them to amend their pleadings at trial; (2) the submission of a question on the partition
agreements was not supported by Appellees’ pleadings; (3) the court’s instruction regarding
prima facie evidence was an improper comment on the weight of the evidence; (4) the jury’s
refusal to find that Appellants had established title by adverse possession is against the great
weight and preponderance of the evidence; (5) the court erred by limiting the testimony of
Appellants’ handwriting expert; and (6) the court’s award of attorney’s fees against some of the
Appellants is not supported by the pleadings or by statute.
BACKGROUND
      The parties’ dispute involves adjoining 40- and 65-acre tracts of land


 which Rufus


 Abram
and his brother Pink jointly owned. A county road runs through these two tracts. Appellees
claim that Rufus, Pink, and Pink’s wife Eva executed two partition agreements in the early
1900’s by which they divided the land so that Rufus owned the acreage to the north of the road
and Pink owned the acreage to the south. The present dispute involves the 75.667 acres lying
to the north of the county road.
      The first partition agreement is undated and establishes the county road as the dividing line
between their respective portions of the 40-acre tract. The second agreement is dated June 6,
1916 and purports to be a redrawn partition agreement which sets the road as the dividing line
and establishes that Rufus owns that portion of the land on the Pile Branch (northerly) side of
the road and Pink owns the portion on the Pile Spring (southerly) side of the road.


 According
to Appellees, the partition agreement conveys to Pink’s daughter, Appellant Lillian Abram
Alford, a life estate in Rufus’s portion of the partitioned acreage, and conveys the remainder
interest to Rufus and his wife Artie


 at Lillian’s death.
      Appellees claim ownership of the disputed acreage under the remainder interest created by
the partition agreement and under a will allegedly executed by Rufus in 1949 and probated in
1958. According to the will, Rufus bequeathed his interest in the disputed acreage to five of
his children, J.B., Harriett, Mattie, William, and Pete.


 They allege in the alternative that they
established title by adverse possession.
      Appellants contend that the 1949 will and the partition agreement are forgeries. Some of
Appellants (the “Abram heirs”) claim ownership of Rufus’s undivided one-half interest by
intestate succession from Edward “Pomp” Abram, whom Rufus allegedly adopted. The
remainder of Appellants (the “Alford heirs”) claim ownership of Pink’s undivided one-half
interest by conveyance from Lillian Abram Alford, Pink’s sole heir. Alternatively, Appellants
claim ownership of the disputed acreage by adverse possession.
      The jury found that J. B., Harriett, Mattie, William, and Pete were Rufus’s children. The
jury refused to find that Edward “Pomp” Abram was Rufus’s child. The jury refused to find
that the partition agreement and the 1949 will were forgeries. The jury also refused to find
that Appellants had established title by adverse possession.
      The court rendered judgment awarding Appellees the 75.667 acres which lie to the north
of the county road. The judgment does not make reference to the life estate which Appellees at
a minimum concede Lillian Abram Alford has in the disputed acreage.
FACTUAL INSUFFICIENCY
      Appellants contend in their fourth issue that the jury’s refusal to find that they had
established title to the property by adverse possession is against the great weight and
preponderance of the evidence.
      When a party contends that an adverse finding is against the great weight and
preponderance of the evidence, we consider and weigh all the evidence, not just the evidence
which supports the finding. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001);
Hatch v. Williams, 110 S.W.3d 516, 522 (Tex. App.—Waco 2003, no pet.). We will set aside
the finding “only if the evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust.” Dow Chem., 46 S.W.3d at
242; accord Hatch, 110 S.W.3d at 522.
      Under Appellees’ theory of the case, Lillian is only a life tenant under the partition
agreement. If she is only a life tenant, then the deed she made to her children conveyed only
her own life estate, subject to the remainder interest held by Appellees. See Strong v. Garrett,
148 Tex. 265, 273, 224 S.W.2d 471, 475 (1949); Zambrano v. Olivas, 490 S.W.2d 218, 220
(Tex. Civ. App.—El Paso 1973, no writ).
      Because a life tenant has an exclusive right to possession of the premises for the duration
of the tenant’s life, the holder of a life estate (and any successors in interest) cannot generally
claim adverse possession as against the holder of the remainder interest until the death of the
life tenant. See Est. of McWhorter v. Wooten, 622 S.W.2d 844, 846 (Tex. 1981); Strong, 148
Tex. at 273, 224 S.W.2d at 475. However, a life tenant can perfect a limitations title to the
premises by giving notice of repudiation of the remainder interest. See Wells v. Hilburn, 129
Tex. 11, 17, 98 S.W.2d 177, 180 (1936); Jones v. Bilderback, 290 S.W.2d 580, 584-85 (Tex.
Civ. App.—Austin 1956, no writ).
      If Appellants are correct that the will and/or partition agreement are forged, then the
parties are cotenants and notice of repudiation is still required. King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 756 (Tex. 2003); Thedford v. Union Oil Co. of Cal., 3 S.W.3d 609, 612
(Tex. App.—Dallas 1999, pet. denied).
      “[A] co-tenant [or life tenant] may not adversely possess against another co-tenant unless it
clearly appears he has repudiated the title of his co-tenant [or remainderman] and is holding
adversely to it.” King Ranch, 118 S.W.3d at 756 (emphasis added). Stated another way,
“[n]otice of repudiation must be clear, unequivocal, and unmistakable.” Thedford, 3 S.W.3d
at 612; Sebesta v. Daniels, 812 S.W.2d 641, 645 (Tex. App.—Houston [14th Dist.] 1991, writ
denied).
      Appellants did not contend at trial or on appeal that they gave notice of repudiation. The
record contains no evidence that they did. Therefore, the jury’s adverse finding on Appellants’
adverse possession claims is not “so against the great weight and preponderance of the
evidence that it is clearly wrong and unjust.” Dow Chem., 46 S.W.3d at 242; accord Hatch,
110 S.W.3d at 522. Accordingly, we overrule Appellants’ fourth issue.
AMENDED PLEADINGS
      Appellants argue in their first issue that the court erred by refusing to permit them to
amend their pleadings to allege that all the signatures on the partition agreement were forged
and to assert the statute of frauds as a defense to the enforceability of the partition agreement.
      On the third day of trial and after the trial court had admitted the partition agreement in
evidence, Appellants specially excepted to Appellees’ pleadings on the basis that the allegations
with regard to the partition agreement were too vague. Appellants also requested permission
to amend their pleadings to include allegations that the partition agreement was forged and did
not satisfy the statute of frauds. The court overruled the special exceptions but permitted the
trial amendment, though only as to the forgery allegation. When Appellants called their
forgery expert to testify however, the court restricted the trial amendment to an allegation that
only Rufus’s signature was forged.
      Appellees contend that Appellants waived the right to complain about this issue because
they did not object to the admission of the partition agreement in evidence. We disagree. 
Because the issue of whether the partition agreement was forged was one for the jury to
resolve, the agreement necessarily had to be admitted in evidence. Moreover, the failure of a
document to satisfy the statute of frauds does not render that document inadmissible. Rather, it
renders the document unenforceable. See Tex. Builders v. Keller, 928 S.W.2d 479, 481 (Tex.
1996); Vinson v. Brown, 80 S.W.3d 221, 226 (Tex. App.—Austin 2002, no pet.); Ginther v.
Taub, 570 S.W.2d 516, 525 (Tex. Civ. App.—Waco 1978, writ ref’d n.r.e.).
      “A court may not refuse a trial amendment unless (1) the opposing party presents evidence
of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and
thus is prejudicial on its face.” State Bar of Tex. v. Kilpatrick, 874 S.W.2d 656, 658 (Tex.
1994); Libhart v. Copeland, 949 S.W.2d 783, 797 (Tex. App.—Waco 1997, no writ); accord
Stephenson v. LeBoeuf, 16 S.W.3d 829, 839 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied). In the latter instance, the decision to grant or deny the amendment lies within the
discretion of the trial court. State Bar of Tex., 874 S.W.2d at 658; Stephenson, 16 S.W.3d at
839. Thus, that decision will not be reversed absent a clear abuse of discretion. Id.
      To determine whether a court has abused its discretion by denying a requested trial
amendment asserting a new cause of action or defense, we consider whether: (1) the requested
amendment would reshape the nature of the trial itself; (2) the requested amendment asserts a
matter which the opposing party could not have anticipated in light of the development of the
case up to the time of the request; and (3) the opposing party’s presentation of its case would
be detrimentally affected by the amendment. Stephenson, 16 S.W.3d at 839; Weynand v.
Weynand, 990 S.W.2d 843, 847 (Tex. App.—Dallas 1999, pet. denied); accord Allegheny
Cas. Co. v. State, 52 S.W.3d 894, 898 (Tex. App.—El Paso 2001, no pet.).
      Because forgery and the statute of frauds are affirmative defenses, we must determine
whether the court abused its discretion by denying the requested amendment. State Bar of
Tex., 874 S.W.2d at 658; Stephenson, 16 S.W.3d at 839. At trial, the heart of the dispute
largely revolved around the validity of the 1949 will and the partition agreement. Thus,
permitting Appellants to contend that the partition agreement was invalid due to forgery and to
challenge the enforceability of the partition agreement under the statute of frauds would not
significantly reshape the nature of the trial. See Stephenson, 16 S.W.3d at 839-40; Weynand,
990 S.W.2d at 847. Appellees could reasonably have anticipated that forgery would be raised
as an affirmative defense because these handwritten documents were brought to light less than
fifty days before trial. Similarly, Appellees could reasonably have anticipated that the statute
of frauds would be raised as an affirmative defense because the documents do not contain a
standard legal description of the property in question. See Stephenson, 16 S.W.3d at 840;
Weynand, 990 S.W.2d at 847.
      With respect to the forgery allegation, permitting the trial amendment regarding the
validity of Eva’s and Pink’s signatures on the partition agreement would not have detrimentally
affected Appellees’ presentation of the case because they already were having to respond to
Appellants’ contention that Rufus’s signature thereon was forged. With respect to the statute
of frauds, permitting the trial amendment would not have detrimentally affected Appellees’
presentation of their case because they had already presented a surveyor’s testimony who
explained the landmarks referenced in the partition agreements and their relation to the
property in question. See W. Beach Marina, Ltd. v. Erdeljac, 94 S.W.3d 248, 266 (Tex.
App.—Austin 2002, no pet.); Templeton v. Dreiss, 961 S.W.2d 645, 659 (Tex. App.—San
Antonio 1998, pet. denied).
      Accordingly, we conclude that the court abused its discretion by denying Appellants’
requested trial amendment. This error requires reversal if it: (1) probably caused the rendition
of an improper judgment; or (2) probably prevented the appellant from properly presenting its
case to this Court. Tex. R. App. P. 44.1(a); In re J.B., 93 S.W.3d 609, 615 (Tex.
App.—Waco 2002, pet. denied).
      As set out in Appellants’ fifth issue,


 the trial court refused to permit Appellants’ forgery
expert to testify about the validity of Eva’s and Pink’s signatures on the partition agreement. 
The validity of the partition agreement depends in large part on the validity of the signatures of
each of the parties to the agreement. Accordingly, we conclude that this error prevented
Appellants from properly presenting their case. See J.B., 93 S.W.3d at 616-17. Therefore,
we sustain Appellants’ first issue.
      Although this conclusion requires reversal of the judgment, we also address one further
issue likely to arise on the retrial of this cause. See Edinburg Hosp. Auth. v. Treviño, 941
S.W.2d 76, 81 (Tex. 1997); J.B., 93 S.W.3d at 617.
JURY CHARGE
      Appellants claim in their third issue that the court abused its discretion by submitting a
definition and instruction in the charge regarding prima facie evidence. Appellees respond that
Appellants’ failed to properly preserve this issue for review and that the definition and
instruction at issue are correct statements of the law. 
      The definitions and instructions in question are as follows:
      Definition No. 13:
            “PRIMA FACIE EVIDENCE” as used in the law does not mean conclusive
evidence. It is such evidence as is sufficient in law to constitute proof of a
fact unless and until it is overcome, rebutted, or contradicted by other
evidence.

      Instruction No. 21:
 
            You are instructed that any statement of facts concerning the family history,
genealogy, marital status, for [sic] the identity of the heirs of a decedent shall
be received in a proceeding to declare heirship or in a suit involving title to
real or personal property, as PRIMA FACIE EVIDENCE of the facts there
in [sic] stated, if the statement is contained in either an affidavit or any other
instrument legally executed and acknowledged or sworn to before, and
certified by, an officer authorized to take the acknowledgments or oaths as
applicable, or any judgment of a court of record, and if the affidavit or
instrument has been of record for five years or more in the deed records of
any county in this state in which such real or personal property is located at
the time the suit is instituted on [sic] in the deed records of any county of this
state in which the decedent had his domicile or fixed place of residence at the
time of his death.

      Appellants did not object to Definition No. 13. Thus, they failed to preserve their
complaint concerning this definition for our review. See Tex. R. Civ. P. 274; Religious of
Sacred Heart of Tex. v. City of Houston, 836 S.W.2d 606, 613-14 (Tex. 1992); In re A.A.B.,
110 S.W.3d 553, 557 (Tex. App.—Waco 2003, no pet.). With regard to the instruction,
Appellants objected that “the determination of prima facie evidence is a matter for the Court. 
Not for the jury.” Their objection preserved their complaint regarding the instruction for our
review. Id.
      The Austin Court of Appeals considered a similar issue in Texas A&M U. v. Chambers. 
31 S.W.3d 780 (Tex. App.—Austin 2000, pet. denied). That case involved a claim under the
whistleblower statute. Consistent with section 554.004 of the Government Code, the trial
court instructed the jury, “If the termination of, or adverse personnel action against, a public
employee occurs within 90 days after the date on which the employee reports a violation of
law, the termination or adverse personnel action is presumed, subject to rebuttal, to be because
the employee made the report.” Id. at 783; see also Tex. Gov’t Code Ann. § 554.004
(Vernon Supp. 2004).
      The Austin Court set out the following discussion regarding the instruction:
A presumption “may not properly be the subject of an instruction to the jury.” 
Its inclusion is improper because the sole effect of a presumption is to fix the burden
of producing evidence. A presumption is nothing more than a rule for the guidance of
the trial judge in locating the burden of production at a particular time. . . .

      . . . .
 
. . . Because Texas A&M produced evidence to rebut the presumption of the
Whistleblower Act, the presumption should have disappeared entirely. Instead of
vanishing, however, the statutory presumption appeared verbatim in the jury charge.

Tex. A&M, 31 S.W.3d at 783-85 (citations omitted).
      As Appellees correctly argue, the instruction is substantially correct insofar as it states the
law regarding prima facie evidence in this type of case. Cf. Tex. Prob. Code Ann. § 52(a)
(Vernon 2003). However, this does not necessarily mean that the instruction should have been
included in the charge. See Acord v. Gen. Motors Corp., 669 S.W.2d 111, 116 (Tex. 1984);
Bean v. Baxter Healthcare Corp., 965 S.W.2d 656, 663-64 (Tex. App.—Houston [14th Dist.]
1998, no pet.); Maddox v. Denka Chem. Corp., 930 S.W.2d 668, 671 (Tex. App.—Houston
[1st Dist.] 1996, no writ).
      The instruction at issue here, like the instruction in Texas A&M, informed the jury of the
parties’ respective burdens of production. This was a matter for the trial court’s consideration,
not the jury’s. Accordingly, we conclude that the inclusion of this instruction in the charge
was error. See Tex. A&M, 31 S.W.3d at 785; accord Acord, 669 S.W.2d at 116; Bean, 965
S.W.2d at 663-64; Maddox, 930 S.W.2d at 671-72. Because we have already found error
requiring reversal, we need not determine whether this error was harmful.
 

      We need not address the remainder of Appellants’ claims. We reverse the judgment and
remand this cause to the trial court for further proceedings consistent with this opinion.
 
 
FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Chief Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed March 31, 2004
[CV06]