Affirmed and Memorandum Opinion filed December 13, 2005









Affirmed
and Memorandum Opinion filed December 13, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00962-CV

____________

 

RAMON SANCHEZ, Appellant

 

V.

 

MARINE SPORTS,
INC.,
Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 01-60982

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Ramon Sanchez, appeals the
trial court=s judgment entered in favor of appellee,
Marine Sports, Inc., on his claims that Marine Sports= failure to
provide a safe workplace caused his injuries. 
We affirm.  

In August 2001, Sanchez was employee at
Marine Sports as a boat detailer.  The
responsibility of a boat detailer is to clean boats prior to delivery or prior
to putting them on the showroom floor. 
Sanchez was cleaning the outside of a boat.  As he was getting down from the back part of
the boat, he braced himself with his hand, but his foot slipped and he
fell.  Sanchez injured his elbow and his
knee.  








Sanchez sued Marine Sports for common law
negligence and for violations under Section 411.103 of the Texas Labor Code[1]
for failing to provide a safe workplace. 
The trial court conducted a bench trial. 
When Sanchez rested, Marine Sports moved for a directed verdict arguing
that Sanchez had not proved an unreasonably dangerous condition existed on its
premises causing his injuries as required in a premises liability case.  The trial court granted a directed verdict on
two bases.  The first was on the basis
argued by Marine Sports, i.e., Sanchez failed to prove the existence of a
condition that posed an unreasonable risk of harm.  The second was on a basis not raised by Marine
SportsCthat Sanchez had
not proved that Marine Sports had breached its duty under the Texas Labor Code
to provide a safe workplace.  

Marine Sports moved for a directed
verdict, the trial court granted a directed verdict, and Sanchez appeals the
granting of a directed verdict, citing the standard of review for a directed
verdict.  However, this was a bench
trial, not a jury trial.  When a
defendant moves for a directed verdict in a bench trial, it is actually
requesting that the trial court render judgment because there is no jury to
direct.  Grounds v. Tolar Indep. Sch.
Dist., 856 S.W.2d 417, 422 n.4 (Tex. 1993) (Gonzalez, J., concurring).  It had previously been the rule in Texas that
the granting of a motion for judgment in non-jury trial was the equivalent to
the granting of a directed verdict in a jury trial, and the standard of review
for the granting of a directed verdict in a jury trial applied equally to the
granting of a motion for judgment in a non-jury trial.  Qantal Bus. Sys., Inc. v. Custom Controls
Co., 761 S.W.2d 302, 303 (Tex. 1988). 
Also, even though the judge acted as both the trier of fact and law in a
non-jury trial, he or she could only grant a motion for judgment at the close
of the plaintiff=s case when there was no evidence to
support the plaintiff=s cause of action.  Id. at 304.  








However, in Qantal Business Systems,
Inc., the Texas Supreme Court held that because the trial judge is the
arbiter of factual and legal issues in a non-jury trial, the appellate court
must presume the trial court ruled on the sufficiency of the evidence.  Id. at 305.  Thus, there are distinctions between a
directed verdict in a jury case and a motion for judgment in a non-jury caseCone such
distinction being the standard of review on appeal.  Grounds, 856 S.W.2d at 422 (Gonzalez,
J., concurring).  In the appeal of the
granting of a motion for judgment in a bench trial, the legal and factual
sufficiency of the evidence to support the judgment may be challenged as in any
other non-jury case.  W. Wendell Hall, Standards
of Review in Texas, 22 St. Mary=s L.J. 351, 446
(1998).  Questions of law are reviewed de
novo.  Hatch v. Williams, 110
S.W.3d 516, 521 (Tex. App.CWaco 2003, no pet.).


We will proceed as if the trial court has
granted a motion for judgment from which Sanchez appeals.  When a party attacks the legal sufficiency of
an adverse finding on which he had the burden of proof at trial, he must
demonstrate on appeal that the evidence establishes, as a matter of law, all
vital facts in support of the issue.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  In making this determination, we review the
evidence in the light most favorable to the challenged finding and indulge
every reasonable inference that would support it.  City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005).  We credit
favorable evidence if a reasonable factfinder could, and disregard contrary
evidence unless a reasonable factfinder could not.  Id. at 827.  The evidence is legally sufficient if it
would enable fair-minded people to reach the verdict under review.  Id.[2]


Sanchez argues this case was based on
Marine Sports= failure to provide a safe workplace under
both common law and the Texas Labor Code, not for failing to warn of or correct
an unreasonably dangerous condition on its premises, and that he presented more
than a scintilla of evidence that Marine Sports failed to provide a safe workplace.  We agree with Sanchez that this is not a
premises liability case.  However, for
the reasons addressed below, we conclude the trial court properly granted
judgment in favor of Marine Sports.  








In assessing Sanchez=s common law
claim, we observe that Aan employer has certain nondelegable and
continuous duties to his employees. 
Among these are the duty to warn employees as to the hazards of their
employment and to supervise their activities, the duty to furnish a reasonably
safe place in which to labor and the duty to furnish reasonably safe
instrumentalities with which employees are to work.@  Farley v. M M Cattle Co., 529 S.W.2d
751, 754 (Tex. 1975), overruled on other grounds by Parker v. Highland Park,
Inc., 565 S.W.2d 512 (Tex. 1978). 
While an employer is responsible for providing a safe workplace for its
own employees, it is not an insurer of the employee=s safety.  Exxon Corp. v. Tidwell, 867 S.W.2d 19,
21(Tex. 1993).  Therefore, the standard
of conduct required of an employer in providing a safe workplace is ordinary
care based on general negligence principles. 
Id.; Southerland v. Kroger Co., 961 S.W.2d 471, 472 (Tex.
App.CHouston [1st
Dist.] 1997, no pet.).  To prevail on a
negligence cause of action, the plaintiff must establish the existence of a
duty, a breach of that duty, and damages proximately caused by that
breach.  Western Investments, Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005). 









Proximate cause consists of two elements:
(1) cause in fact, and (2) foreseeability. 
Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  The plaintiff may not establish these
elements by mere conjecture, guess, or speculation.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 477 (Tex. 1995).  Cause
in fact exists if Athe defendant=s act or omission
was a substantial factor in bringing about the injury which would not otherwise
have occurred.@  Union
Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995).  The plaintiff, however, has not shown cause
in fact if the defendant=s negligence did no more than provide a
condition which made the injury possible. 
Boys Clubs of Greater Dallas, Inc., 907 S.W.2d at 477.  Rather, A>[t]he evidence
must go further, and show that such negligence was the proximate, and not the
remote, cause of [the] resulting injuries . . . [and] justify the conclusion that
such injury was the natural and probable result thereof.=@  Id. 
(quoting Carey v. Pure Distrib. Corp., 133 Tex. 31, 124 S.W.2d
847, 849 (1939)).  Even if the injury
would not have occurred but for the defendant=s actions, the
nexus between the defendant and the plaintiff=s injuries may be
too attenuated to constitute legal cause. 
Union Pump Co., 898 S.W.2d at 776.  

Sanchez has not conclusively established
that the failure to properly instruct him, provide boots or a Spanish-language
operations manual, maintain a safety supervisor or safety manual, or conduct
safety meetings was the cause in fact of his injuries.  He adduced no evidence, testimony or
otherwise, that wearing boots while washing the boat would have prevented his
injury.  He failed to show that
specialized training was required to wash a boat; in fact, Sanchez had been a
boat detailer for six or seven months at the time of his accident.  Sanchez presented no evidence demonstrating
how safety meetings, a safety supervisor, or a safety manual would have
prevented the accident.  Finally, while
Marine Sports had an English-language operations manual, which Sanchez, who is
fluent in Spanish only, could not read, there is no evidence of what
information was included in that manual. 
At most Sanchez showed that the failure to provide these things did no
more than provide a condition that made the injury possible, not that it was a
substantial factor in bring about the injury which would not have occurred
otherwise.  

With respect to Sanchez= statutory cause
of action, Section 411.103 of the Texas Labor Code provides:

Each employer shall:

(1) provide and maintain employment
and a place of employment that is reasonably safe and healthful for employees;

(2) install, maintain, and use
methods, processes, devices, and safeguards, including methods of sanitation
and hygiene, that are reasonably necessary to protect the life, health, and
safety of the employer=s employees; and 

(3) take all other actions reasonably
necessary to make the employment and place of employment safe.

Tex. Lab. Code
Ann. ' 411.103. 









However, Chapter 411 of the Labor Code limits a party=s remedy for a violation
of the chapter.  Foster v. Denton
Indep. Sch. Dist., 73 S.W.3d 454, 462 (Tex. App.CFort Worth 2002,
no pet.).  Section 411.004 states:

Except as specifically provided by Subchapter F, this
chapter does not create an independent cause of action at law or in
equity.  This chapter provides the sole
remedy for violation of this chapter.

Tex. Lab. Code
Ann. ' 411.004 (Vernon 1996).  

Subchapter F, as referenced in section
411.004, is comprised of sections 411.081 through 411.083.  Id. '' 411.081B.083 (Vernon
1996).  Section 411.081 provides for a
toll-free telephone hotline for reporting Aviolations of
occupational health or safety law.@  Id. ' 411.081.  Section 411.082 provides that an employer may
not discriminate against an employee who uses the telephone service, in good
faith, to report an alleged violation of an occupational health or safety law.  Id. ' 411.082.  Section 411.083 provides judicial relief for
an employee whose employment is terminated or suspended in retaliation for
reporting a violation.  Id. ' 411.083.  Thus, the only violation for which an
employee may recover is the employee=s retaliatory
discharge for reporting the safety violation to a telephone hotline.  Foster, 73 S.W.3d at 462.  Therefore, Sanchez may not maintain an action
for any alleged violation of section 411.103. 


Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 13, 2005.

Panel
consists of Justices Hudson, Edelman, and Seymore.











[1]  Tex. Lab. Code Ann. ' 411.103 (Vernon 1996).





[2]  Because we
find that Sanchez has not conclusively established that Marine Sports= failure to provide a safe workplace proximately
caused his injuries, we need not address whether the adverse implied finding is
against the great weight and preponderance of the evidence.  See Glover v. Texas Gen. Indem. Co.,
619 S.W.2d 400, 401 (Tex. 1981) (explaining that when no evidence and
insufficient evidence points are raised, court of appeals should first rule on
no evidence point).