Affirmed and Memorandum Opinion
filed March 8, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00025-CV



1994 GMC, Texas
License PLATE 7NN T73, Appellant

v.

THE STATE OF
TEXAS, APPELLEE 



On Appeal from
the 414th District Court

McLennan County, Texas

Trial Court
Cause No. 2008-225-5



 

MEMORANDUM OPINION 

Linda Christian brings this appeal from an order
forfeiting a 1994 GMC pick-up truck,[1]
which was used in the commission of the state jail felony offense of evading
arrest.  Christian contends that the evidence is legally and factually
insufficient to support the trial court’s forfeiture order.  We affirm.

BACKGROUND[2]

On December 24, 2007, Waco Police Department (“WPD”)
Officer Jerry Holt, in a marked patrol unit, attempted to stop a gold GMC
pick-up truck after he observed the driver of the truck make an illegal turn. 
Officer Holt engaged his emergency lights and siren.  Rather than pulling to
the side of the road, the driver of the truck accelerated away from Officer
Holt.  Holt pursued the vehicle for several blocks.  After the driver of the
GMC pick-up truck drove the vehicle into an empty lot, the driver and another
passenger abandoned the vehicle and fled on foot.  Officer Holt was unable to
apprehend either individual.

WPD Detective Robert James was assigned to
investigate this offense.  He discovered that the registered owner of the GMC
pick-up truck was Linda Christian.  He telephoned Christian, who confirmed her
ownership.  She denied knowing the vehicle’s current location.   Detective
James informed her that it had been impounded by the WPD.  Christian told
Detective James that she had loaned the vehicle to someone, but was evasive in
identifying to whom she had loaned it.  James explained to Christian that the
vehicle had been used in evading police and that stolen items had been
discovered in the pick-up truck.  Christian became very upset and told James
that she would call him back later that day.

Christian later called James back, and the two
arranged to meet in person.  At this meeting, Christian explained that she had
loaned the vehicle to her son, Bobby Christian.  Although she was very upset,
she cooperated fully with Detective James and even informed him that her son
had called her earlier that day to ask her to report the vehicle stolen.  Bobby
Christian was arrested and indicted for the state jail felony offense of
evading arrest.  He pleaded guilty to the offense and was sentenced to 180
days’ confinement in state jail.  

The State filed a proceeding to forfeit the truck,
and Christian filed a general denial.[3] 
At the forfeiture hearing held on September 21, 2009, the State called Officer
Holt and Detective James.  These police officers testified to the facts
described above.  Detective James additionally testified that Christian told
him she knew her son was “wanted for something” at the time she loaned him her
vehicle.  James further opined that he would be hesitant to loan his vehicle to
someone who had a warrant out for his arrest.

Christian testified as follows.  She was the owner of
the GMC pick-up truck.  It was not her primary means of transportation, and she
had loaned it to her son on the day in question, as well as on several earlier
occasions.  Bobby told her he planned to use the truck to help a friend move.  She
did not know that Bobby was going to do anything illegal, and she should not
“really” have known that he was going to do anything illegal because, as far as
she knew, he had not committed any other illegal acts using the truck.  Bobby
was on parole for a drug offense when this incident occurred.  

On cross-examination, Christian acknowledged the
following:

·       
In December 2007, Bobby was on parole for drug possession.  He
had been on probation, but had his probation revoked, and he went to prison
before being paroled.  

·       
She probably told Detective James that Bobby was wanted or had an
arrest warrant out at the time she loaned him the vehicle.

·       
She knew that Bobby had a drug problem, but she “hoped” that,
when he got out of prison, he was no longer was using drugs, although she could
not be sure.

·       
She was aware that Bobby had a lengthy criminal history,
including commission of various drug offenses, evading arrest, and traffic
violations.

·       
She had suspected her son of stealing items in the past to
support his drug habit.

Finally, she admitted that,
at the time she loaned her vehicle to Bobby, she had considered that he might
attempt to evade arrest or detention if he encountered any police officers, but
insisted that he would evade only “on foot.”  When asked why he would not have
used the truck for evading officers when he had a history of evading arrest, Christian
explained:

How many times does it show he’s run in a vehicle?  For
very far?  Maybe a couple of blocks, three blocks, whatever.  He
doesn’t like to do that, from what he’s told me, because it puts people in
danger and he doesn’t want to do that. Now he'll run and laugh the whole time
he’s running, you know, about it, I feel like.  But he -- he -- when he was
young, he used to run like a jack rabbit. But I would prefer he do that than
confront a police officer. I just -- I mean, I may be wrong but, to me, that’s
better. I don’t know. 

(emphasis added).

After requesting briefing on this issue, the trial
court took the matter under advisement.  The trial court signed its final
judgment awarding the vehicle to the State on October 16, 2009.  Christian
requested findings of fact and conclusions of law, which the trial court signed
on November 3, 2009.  In its findings and conclusions, the trial court found
and concluded that Christian was the owner of the vehicle in question at the
time of the felony offense and that she failed to prove, by a preponderance of
the evidence, the only defense available to her under the forfeiture chapter of
the Code of Criminal Procedure, which was that she did know not or should not
reasonably have known of the act or omission giving rise to the forfeiture
before it occurred.[4] 
This appeal timely followed.

ANALYSIS

A.        Forfeiture
Statute

Chapter 59 of the Texas Code of Criminal Procedure
authorizes the forfeiture of “contraband,” which is defined as property used in
the commission of various enumerated offenses, including felony evasion of
arrest or detention under section 38.04 of the Texas Penal Code.  Tex. Code of
Crim. Proc. Ann. arts. 59.01(2)(A)(ii), 59.02(a) (West Supp. 2009).  Article
59.02(c) provides an “innocent-owner” defense to forfeiture, requiring a person
whose property has been seized for forfeiture to establish that she:  (a) acquired
or perfected her ownership interest before or during the act or omission giving
rise to forfeiture; and (b) did not know and reasonably should not have known
of that act or omission.  Id. art. 59.02(c)(1); One Ford Mustang v.
State, 231 S.W.3d 445, 448–49 (Tex. App.—Waco 2007, no pet.).  

B.        Standard of
Review

Because a forfeiture proceeding under Chapter 59 is a
civil in rem proceeding subject to the rules applicable to civil trials
and appeals generally, the appropriate standard of review depends on which
party had the burden of proof at trial.  One Ford Mustang, 231 S.W.3d at
449.  The owner of the property must establish the innocent-owner defense by a
preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 59.02(c).  Here,
Christian has challenged the legal and factual sufficiency of the evidence to
support an adverse finding on which she bore the burden of proof.  To establish
that the evidence is legally insufficient, Christian must first show that there
is no evidence to support the finding and then demonstrate that the contrary
was established as a matter of law.  One Ford Mustang, 231 S.W.3d at 449
(citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).  To
demonstrate the evidence is factually insufficient, Christian must establish
that the adverse finding is against the great weight and preponderance of the
evidence.  Hatch v. Williams, 110 S.W.3d 516, 522 (Tex. App.—Waco 2003,
no pet.) (citing Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001)).

C.        Application

Christian agrees with the trial court’s findings and
conclusions that the pick-up truck was subject to forfeiture and that she
acquired and perfected her interest in the truck before the act giving rise to
the forfeiture.  She disagrees, however, with the trial court’s finding and
conclusion that she “failed to prove by a preponderance of the evidence that
she did not know or should not reasonably have known of the act or omission
giving rise to the forfeiture[.]”  She further asserts that she proved the
“innocent-owner” defense as a matter of law.  Under the unique circumstances
presented in this case, we conclude that Christian has failed to establish that
she should not have known that Bobby would use her pick-up truck to evade
arrest or detention if confronted by police.  

As noted above, to establish that the evidence is
legally insufficient to support the trial court’s adverse finding, Christian
must first show that there is no evidence to support the finding.  Christian
testified that she knew (a) Bobby had a lengthy criminal history, (b) there was
an active warrant for his arrest when she loaned him her vehicle, and (c) he
had a history of evading arrest.  Although these facts, standing alone, may not
sufficiently support the trial court’s finding, when coupled with Christian’s
testimony on cross-examination described above, the evidence preponderates in
favor of this finding.  First, this testimony establishes that, at the time Christian
loaned Bobby her vehicle, she actually considered that he might attempt to
flee if confronted by police officers.  Further, during Christian’s testimony,
she rhetorically asked how many times he had fled in a vehicle, and then
observed he only “did it” for a few blocks because he believed that fleeing in
a vehicle is unsafe.  A rational fact-finder could infer from this testimony
that Bobby had actually evaded arrest or detention in a vehicle before and that
Christian was aware that he had done so.  Cf. $9,050.00 in U.S. Currency v.
State, 874 S.W.2d 158, 168 (Tex. App.—Houston [14th Dist.] 1994, writ
denied) (affirming forfeiture of money seized from liquor store after same
employee sold drugs a second time from the same store).  We thus conclude that
there is sufficient credible evidence to support the trial court’s finding. 
Because the trial court’s finding is supported by the evidence, we overrule
Christian’s legal sufficiency challenge.

To demonstrate the evidence is factually
insufficient, Christian must establish that the adverse finding is against the
great weight and preponderance of the evidence.  Although Christian testified
that she should not “really” have known that Bobby would use her vehicle to
evade arrest or detention, she also testified that she knew he had an active
warrant for his arrest, he had a history of “running” from police, and, as
discussed above, one can rationally infer from her testimony that she actually
knew Bobby had evaded arrest or detention in a vehicle prior to loaning him her
pick-up truck.  Under these circumstances, we simply cannot say that the trial
court’s finding that Christian failed to establish her affirmative defense is
against the great weight and preponderance of the evidence.  We thus overrule
her factual sufficiency challenge.

Having overruled Christian’s legal and factual
sufficiency challenges, we affirm the trial court’s forfeiture order.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.









[1]
According to the Clerk’s Record, the Vehicle Identification Number for this
pick-up truck is 1GTEC14Z3RZ536672.





[2]
This case was transferred to this Court from the Tenth Court of Appeals by
order of the Texas Supreme Court.  





[3]
Christian did not assert any affirmative defenses in her response.  However,
the parties tried the “innocent-owner” defense by consent.  See Tex. R.
Civ. P. 67 (issues not raised by the pleadings may be tried by express or
implied consent).





[4]
See Tex. Code Crim. Proc. Ann. art. 59.02(c)(1) (West Supp. 2009).